FILED 18 APR '12 16:05 USDC-ORE

Charles Wilson
P O Box 71764
82619 Slimonsen RD
Eugene OR 97401
Ph: 541-484-9942
Email: lacoma2@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OREGON
EUGENE DIVISION

| | |
|---|---|
| CHARLES WILSON<br>Plaintiff, | )<br>) 6:12-CV-691-HO<br>) |
| v. | ) COMPLAINT<br>) CIVIL RIGHT VIOLATIONS<br>) 42 U.S.C.  1983<br>) SUPPLEMENTAL STATE CLAIMS |
| LANE COUNTY SHERIFF'S OFFICE<br>SHERIFF ROSS BURGER in<br>his individual and official capacities | )<br>)<br>)<br>) DEMAND FOR JURY TRIAL |
| Defendants. | )<br>)<br>) |

## I. INTRODUCTION

1. This is a civil rights action brought by Charles Wilson

2. Plaintiff alleges that during and because of his arrest, detention, and

incarceration by the above captioned individual, Sheriff Russ Burger and the Lane County Sheriff's Office violated Title 1983 of the Civil Rights Act, 42 U. S. C. 1983 through violations of civil rights guaranteed by the substantive and procedural components of the U S and Oregon Constitutions, the Sheriff and Lane County Sheriff's Office are liable for violating Title 1983 of the Civil Rights Act, 42 U.S. C. 1983.

3. Plaintiff seeks compensatory damages, punitive damages against Defendants, Ross Burger and Lane County Sheriff's Office and fees, cost and attorney fees.
4. This civil action arises under the Constitution and laws of the United States and therefore this Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a).
5. With regard to state law claims, this Court has supplemental jurisdiction under U.S.C. 1367.
6. These actions took place in Lane County, which is in this District therefore this venue is properly vested in this Court pursuant to 29 U.S.C. 1367
7. Charles Wilson resided in Eugene, Oregon, Lane County at all time material to this case.
8. Defendant Lane County Sheriff's Office operating under the laws of the State of Oregon is responsible under state law for the acts and omissions of its employees and officials including those whose conduct is at issue herein. The Lane County Sheriff's Office is responsible for the constitutional violations at issue in this case because a final policymaker ratified a subordinate's unconstitutional actions.
9. Defendant Ross Burger was at all relevant times an agent of Lane County Sheriff's Office and is sued in his individual capacity as such. Ross Burger caused the actions complained of in his individual capacity and in the course and scope of his employment and duties as an employee of the Lane County Sheriff's Office. At all time Ross Burger was an official and final policy-making authority and ratified all subordinate's unconstitutional actions.

## BACKROUND FACTS

A. Events preceding arrest

10. On or about April 19th, 2010. Plaintiff was in court trying to settle a dispute regarding a restraining order with a neighbor. The neighbors refused to negotiate due to an unknown restraining order that was conceived by the Snedegar family for the purpose of malicious prosecution
11. While in court attempting to settle the dispute with Snedegars, they all

shook their head no, and said there was no way they were going to settle.
12. As I was leaving the courtroom, I was handcuffed with my hands behind my back which caused my shoulder to dislocate. I was placed in a van and taken to the Lane County Jail.
13. Plaintiff is a 72 year old handicapped man who was unable to hear the sheriff's deputies orders. Plaintiff has never been convicted of a crime other than minor traffic offenses. I was locked in a solitary confinement cell with a dislocated shoulder and the deputies refused to give me any medical attention . I made several request to call my wife to tell her where I was, but all requests answers were to the effect, not now, you can do this when the next shift comes on. My wife called my son due to my unknown whereabouts, then my son and daughter found my van parked in front of the courthouse.

My son, Tony Wilson and my daughter, Tami tried to get a message and my medicine to me but their requests were denied. They were told to see the district attorney the next day. My son, Tony took the day off work and went to the DA office. He was informed that his father was not in jail because if he was, the DA office would know about it.
14. The following day April 20, 2010, I was taken out of the cell, but was still denied access to a usable telephone.
15. At 3:00 PM , April 20, I appeared before The Honorable Judge Zennachee in the jail courthouse at which time the fact that I had never been served or had seen the Malicious Prosecution conspiracy protective order by the Snedegars came to light. I was served with the order at that time and then returned to solitary confinement.
16. Plaintiff has been unable to obtain documents from the district attorney office. On three occasions I went to the Lane Co DA office , and each time I was told the records are not available to me.

## FEDERAL LAW CLAIMS

### A. FIRST CLAIM FOR RELIEF
### (VIOLATION OF THE FOURTH AMMLENDMENT)

17. The actions of Defendants described in this complaint were malicious, deliberate, intentional, and embarked upon with the knowledge or in conscious disregard of the harm inflicted upon Plaintiff. As a result of the intentional conduct by the Defendants, was to punish the Plaintiff for numerous calls to the Sheriff's Office for assistance.
18. The punitive damages against the Defendants who believed their actions were justified, but no reasonable official would think this was within the bounds of reasonable discretion and Plaintiff is entitled to punitive damages to deter similar conduct. Plaintiffs right were clearly established.

19. As a result of direct actions by the Defendants, Plaintiff suffered actual damages, including physical pain and suffering, chronic shoulder pain and injury, loss of his liberty, mental and emotional suffering, worry, fear, anguish, shock nervousness, anxiety and loss of ability to fully perform duties, enjoyable recreation activities, all to his damage in an amount to be ascertained according to proof at trial.
20. As a direct and proximate result of Defendant's conduct, Plaintiff was required to seek medical services and treatment for his injuries in an amount to be determined at trial, and will in the future be compelled to incur additional obligations for medical treatment as a result of his ongoing pain and suffering violation of First Amendment-Retaliation for protected activities and rights.

## II. RELIEF REQUESTED

Plaintiff respectfully request that the Court:

a. Award Plaintiff compensatory damages in an amount to be ascertained according to proof;
b. Award punitive damages against Defendants Ross Burger and Lane County Sheriff's Office in their capacities an amount to punish them and deter others from like conduct;
c. Award Plaintiff his reasonable fees and cost; and
d. Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted April 18, 2012

_____
Charles Wilson    pro se plaintiff