SEBASTIAN NEWTON-TAPIA, OSB #043761
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, OR  97401
541/682-3728
541/682-3803 fax
sebastian.newton-tapia2@co.lane.or.us
    Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLES WILSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LANE COUNTY SHERIFF'S OFFICE and SHERIFF ROSS BURGER in his individual and official capacities,<br><br>　　　　　　Defendants. | Case No. 6:12-cv-00691-HO<br><br>DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT |

I, Sebastian Newton-Tapia, declare as follows:

1.   I am an attorney with the Lane County Office of Legal Counsel. I represent the Defendants in the present action.

2.   The Lane County Office of Legal Counsel collects and maintains tort claim notices for all departments it represents, including the Lane County Sheriff's Department. My office is the central repository for tort claim notices regardless if it is initially given to Human Resources, Risk, Lane County Sheriff's Department, Lane County Adult Corrections or any related office. I am aware of how the Lane County Office of Legal Counsel maintains these records. I would know if my office received a tort claim notice within the last three (3) years and possibly longer. I know that the Lane County Office of Legal Counsel did not receive a Tort Claim Notice from Charles Wilson.

PAGE 1 - DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

3.  I have reviewed the attached Exhibit A, pages 1-5 (also attached to the Declaration of Larry Brown, filed herewith). I know that the signature on page 5 was made by Circuit Court Judge Charles M. Zennaché, who is and was at the relevant time, a Lane County Circuit Court Judge.

4.  I have reviewed Exhibit A in its entirety. The only changes to the original version were the additions of "Exhibit A" and the red box inserted at the relevant location for ease of reading.

5.  I have also reviewed the attached Exhibit C in its entirety. It is a court certified document. The only changes to the original version were the additions of "Exhibit C" and the red boxes inserted at the relevant locations for ease of reading.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THIS DECLARATION IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

EXECUTED this 3rd day of July, 2012.

LANE COUNTY OFFICE OF LEGAL COUNSEL

By: _____
Sebastian Newton-Tapia, OSB# 043761
Lane County Office of Legal Counsel

# INCIDENT REPORT
## LANE COUNTY SHERIFF'S OFFICE

Case 6:12-cv-00691-HO Document 6 Filed 07/03/12 Page 3 of 11 Page ID#: 41

Page 1 of 4

**Related Reports:** (unchecked: Incident, Accident, Custody, Citation, Prop./Evidence, Supplemental, DUII Investigation)

1. **Incident & ORS No.:** 163.750 Violation stalking protective order
2. **Case Number:** 10-8215
3. **Location:** 82623 Simonsen Rd Eugene OR 97405
5. **Source:** Dispatched
6. **Rept. Date:** 4-19-10
7. **Time:** 1725
8. **Occurred Date:** 4-19-10
9. **Time:** 0700 to

### Victim
10. **Name:** Snedegar, Michael Lee Sr.
11. **DOB:** 11-6-59
12. **Race/Sex:** W/M
13. **Work Hours:** N/A
14. **Res. Address:** 82623 Simonsen Dr, Eugene, OR 97405
15. **Res. Phone:** 541-302-4569
16. **Occupation/School/Type of Business:** N/A
17. **Bus. Address:** N/A
19. **Injured:** No
20. **Where Taken:** N/A

### C-Comp/F-Firm
22-37: N/A

### Vehicle Information
N/A

### S-Susp/MP-Missing Person
50. **Name:** Wilson, Charles Walter
51. **DOB/Age:** 3-9-40
52. **AKA:** N/A
53. **Address:** 82619 Simonsen Dr, Eugene, OR
54. **Race/Sex:** W/M
**Ht:** 5'10 **Wt:** 135 **Hair:** GRY **Eyes:** HZL
57. **Clothing Description:** unk

58. Name: N/A

### 67. Reporting Officer: S. Fenley I.D.# 110
### 68. Assisting Officer: Wilson D74
### 69. Date & Time Prepared: 4-19-10 0130

Page 1 of 5

## CONTINUATION REPORT
### LANE COUNTY SHERIFF'S OFFICE

PAGE 2 OF 4
CASE NUMBER 10-2215

CONTACTED: Ogden, Tom Edwin   DOB: 03/23/29
82705 Simonsen Rd Eugene, Or 97405
541-342-7864

INVESTIGATION: On 04/18/10 at 1804 hours I was dispatched to 82623 Simonsen Dr in Eugene for a Violation of Stalking Order. I contacted records and verified that Michael Lee Snedegar had a valid Stalking Order against Charles Warren Wilson. The stalking order was served on 04/05/10 at 1730 hours. The stalking order states that Wilson can't block, obstruct, or alter water flow to Snedegar's property.

I called Snedegar and received a statement. I tried to contact Wilson at his residence but there was no answer. I contacted Snedegar at his residence and he told me that on Saturday morning 04/17/10 at around 7-7:30 am he attempted to use his water. At that time he had no pressure and water was just dripping out. Snedegar went to his 1500 gallon holding tank and observed no water in the tank. Snedegar believes the water was shut off by Wilson.

Snedegar's property shares a water line with 3 other properties. The water line goes through Tom Edwin Ogden's property, then Wilson's, and ends at Snedegar's property. Snedegar has an easement along the waterline through the others properties. Ogden owns 50 percent, Wilson ownes 25 percent, and Snedegar owns 25 percent.

Snedegar usually walks the water line to find the reason for the water problem such as a broken line. This time Snedegar wasn't allowed to check the water line because Wilson has an elder abuse protective order against Snedegar which orders Snedegar to stay off Wilson's property. Snedegar has previously found his water turned off several times on the back side of Wilson's residence by the way of cut of valves.

Snedegar told me that Saturday morning 04/17/10 he had contacted Ogden and asked him if there were any problems with the water line. Ogden told Snedegar that he wasn't having any problems with his water.

Snedegar believed that Ogden had a way of contacting Wilson. I contacted Ogden at his residence. Ogden informed me that the spring that feeds the 3 properties was on BLM land and that he is the caretaker of the water line. Ogden fixes breaks prior to his residence and also on Wilson's and Snedegar's properties.

Ogden volunteered to show us the water line and to check for any possible breaks. I informed Ogden that he didn't have to do that and that it wasn't his responsibility. Ogden said he wouldn't mind. I followed Ogden to where the water line crossed the dirt road to Wilson's property. I then followed Ogden across Wilson's property looking for any breaks in the line. We observed no breaks in the water line between the road and Wilson's residence.

I tried to make contact with Wilson at his residence but no one answered the door.

| Reporting Officer | I.D.# | Assisting Officer | I.D.# | Date & Time Prepared | |
|---|---|---|---|---|---|
| S. F__ | ____ | ____ | ____ | 04/19/10  0130 | Exhibit A, page 2 of 5 |

# CONTINUATION REPORT
## LANE COUNTY SHERIFF'S OFFICE

PAGE 3 OF 4
CASE NUMBER 10-2215

Ogden showed me where the cut-off valves were on the backside of Wilson's house. There were 5 cut-off valves and 1 of them was turned off. I turned it back on and heard water enter the line. I followed Ogden up the water line between Wilson's residence and Snedegar's residence continually looking for any breaks in the line. We observed no breaks between Wilson's residence and Snedegar's residence.

I contacted Snedegar and asked him to check his water. Snedegar advised me that the water was running again.

I have probable cause to arrest Charles Warren Wilson DOB 3/9/40 for Violation of Stalking Order. I have completed a probable cause affidavit and attempt to locate form; which were turned in with this report.

Snedegar advised he and Wilson have a hearing on 04/19/10 to contest the orders. I sent Sgt Weir, Sergeant of transport, an email advising him of probable cause to arrest Wilson.

**STATEMENT:** Snedegar, Michael Lee

I contacted Snedegar at his residence and Snedegar advised me that he had no water. Snedegar said when he woke up on Saturday April 17, 2010 at about 7-7:30 am he had no water. Snedegar has a 1500 gallon holding tank which was empty and estimates that he hasn't had water since the Tuesday or Wednesday prior to 04-17-10.

Snedegar stated that he bought his property from Wilson 5 years ago and with the purchase received water rights and easement along the water line. At that time Ogden owned 50 percent and Wilson owned 50 percent. When Wilson sold the property to Snedegar he also gave 25 percent of his water rights to Snedegar. Snedegar stated that he has had problems with Wilson since he moved in. Snedegar stated that Wilson has turned off his water about 10 times in the last 5 years; mostly when he leaves town but believes Wilson also does it to be mean. Because of the issues Snedegar was having he went to the courthouse and got a Stalking order against Wilson. At the same time Wilson got an elder abuse protective order against Snedegar.

Snedegar usually walks the water line to insure there are no breaks in the water line. Snedegar isn't allowed on Wilson's property due to the order against him from Wilson.

Snedegar contacted Ogden first thing on Saturday April 17, 2010 once he noticed he had no water. Ogden told Snedegar that he had no problem with water at his residence. Snedegar believes that Wilson turned off his water.

| Reporting Officer | I.D.# | Assisting Officer | I.D.# | Date & Time Prepared |
|---|---|---|---|---|
| S. FO | | WILSON | 074 | 04/19/10  0130 |

Exhibit A, page 3 of 5

## CONTINUATION REPORT
### LANE COUNTY SHERIFF'S OFFICE

PAGE 4 OF 4
CASE NUMBER 10-2215

**STATEMENT:** Ogden, Tom Edwin

I contacted Ogden at his residence and confirmed with him that he had good water pressure at his house. Ogden told me the spring that feeds the 3 properties was on BLM land about 1 mile away. The water line goes from the spring through Ogden's property then Wilson's and ends on Snedegar's property. Ogden also does all the repairs on the water line between his property and the spring. Ogden also does most of the repairs between his residence and Wilson's and Snedegar's residence.

He told me that he has free access to walk the line to look for breaks in the line. Ogden volunteered to walk the line with me. I told him that he didn't have to do that and it wasn't his responsibility. Ogden told me that he didn't mind doing it.

**FOLLOW-UP:** None: pending contact with Wilson
**REFERRAL:** None
**DISPOSITION:** Suspended

| Reporting Officer | I.D.# | Assisting Officer | I.D.# | Date & Time Prepared | |
|---|---|---|---|---|---|
| S. F/ | CC6/ | | #74 | 04/19/10  0130 | page 4 of 5 |

In the Circuit Court of the State of Oregon for Lane County

| | |
|---|---|
| THE  . OF OREGON, <br><br>                    Plaintiff, <br><br> vs. <br><br> Wilson, Charles Warren DOB 03/09/40, <br>                    Defendant. | Booking no.: _____ <br> Agency no.: 2010-2215 <br><br> **Affidavit of Probable Cause** <br> **and** <br> **Order** |

STATE OF OREGON  )
                 ) ss.
County of Lane   )

I, Stacy Fenley, am a deputy sheriff employed by the Lane County Sheriff's Office, where I have been so employed for approximately 9 ½ years. My attached 4 page police report is incorporated herein as though fully set forth at this point. If I were called to testify under oath my testimony would be consistent with said report, and I believe the evidence described therein establishes probable cause to believe that Charles Warren Wilson, committed the crime(s) of violation stalking order in Lane County, Oregon. I believe I have probable cause to arrest Charles Warren Wilson for the crime(s) of violation stalking order.

_____
Signature

Stacy Fenley Deputy Sheriff
NAME and TITLE (printed)

SUBSCRIBED AND SWORN TO before me this  19  day of  April , 20 10

_____
NOTARY PUBLIC FOR THE STATE OF OREGON
My Commission Expires:

OFFICIAL SEAL
WENDIE A JACKSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 443462
MY COMMISSION EXPIRES OCTOBER 18, 2013

**ORDER:**

THIS MATTER came before the Court on the  19  day of  April , 20 10  for a determination of probable cause existing to arrest the Defendant. The Court having found probable cause; IT IS HEREBY ORDERED that the defendant shall be detained pending further proceedings in the Court.

DATED this  19  day of  April , 20 10

_____
Circuit Court Judge

Exhibit A, page 5 of 5

# FORM C

## IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## FOR LANE COUNTY

_MICHAEL LEE SVEDEGAR SR_ )  Case No. _8-10-0716_
Petitioner ) 
 ) **STALKING PROTECTIVE ORDER**
v. ) 
 ) ✓ TEMPORARY
_CHARLES WARREN WILSON_ ) 
Respondent ) ___ FINAL

**FILED 10 APR -5 PM 1:47 CIRCUIT COURT OF OREGON LANE COUNTY**

HEARING DATE _____ Judge _____ Reporter _____

THIS MATTER came before this Court by Petition for a Stalking Protective Order of unlimited duration for the protection of _MICHAEL LEE SVEDEGAR SR (51)  TINA L SVEDEGAR (51) (WIFE)_

(List all persons to be protected)

PETITIONER ✓ Appeared in Court     ___ Appeared by telephone
            ___ Did not appear      Attorney, if any
                                    ✓ Present but not appearing
RESPONDENT ___ Appeared             ✓ Did not appear

___ A Warrant of Arrest is ordered. Security amount is set at $50,000.

✓ Respondent was served in court with a copy of this Order.

AFTER CONSIDERING THE EVIDENCE PROVIDED, THE COURT FINDS:

✓ Probable cause    ___ By a preponderance of the evidence;

1. That Respondent has ✓ intentionally ✓ knowingly **or** ✓ recklessly engaged in repeated and unwanted contact with the Petitioner or a member of Petitioner's immediate family or household, thereby alarming or coercing that person or persons;

2. That it is objectively reasonable for a person in Petitioner's situation to have been alarmed or coerced by the Respondent's contact; and

3. The repeated and unwanted contact causes the Petitioner reasonable apprehension regarding Petitioner's personal safety or the safety of a member of Petitioner's immediate family or household.

PURSUANT TO FEDERAL LAW, RESPONDENT'S ABILITY TO POSSESS FIREARMS IS AFFECTED IF, BY INITIALING EACH FINDING, THE COURT MAKES THE FOLLOWING FINDINGS:

_____ The respondent was provided notice and an opportunity to be heard in this proceeding; and

_____ The Court finds that Petitioner and Respondent are intimate partners (spouses, former spouses, co-habitants, former co-habitants, or have a child in common) or Petitioner is a child of an intimate partner.

_1 copy to Pet_
_1 CC LCSO_
_Def Srvd in Ct_

Page 1 of 2 – Stalking Protective Order                            rev. 09/09
                                                                    Exhibit C

____ The Court finds Respondent represents a credible threat to the physical safety of the person(s) to be protected.

**RESPONDENT IS HEREBY ORDERED TO CEASE AND REFRAIN FROM ANY CONTACT WITH:**

_MICHAEL LEE SNEDEGAR SR._
_TINA L. SNEDEGAR (WIFE)_
(Person or Persons to be protected by the Order)

CONTACT MEANS, *but is not limited to the following,*

a. coming into the visual or physical presence of the other person; *except for normal egress and ingress to his (respondent's) home)*
b. following the other person;
c. waiting outside the home, property, place of work or school of the other person or a member of that person's family or household;
d. sending or making written communications in any form to the other person;
e. speaking with the other person by any means;
f. communicating with the other person through a third person;
g. committing a crime against the other person;
h. communicating with a third person who has some relationship to the other person with the intent of affecting the third person's relationship with the other person;
i. communicating with business entities with the intent of affecting some right or interest of the other person;
j. damaging the other person's home, property, place of work or school; or
k. delivering directly or through a third person any object to the home, property, place of work or school of the other person.
l. *respondent shall not obstruct or block the common driveway*
m. *respondent shall not obstruct, block, or alter petitioner's water access*

**IT IS FURTHER ORDERED THAT:**

____ The Petition for the Stalking Order is denied.

____ Respondent shall undergo mental health evaluation and, if indicated by the evaluation, treatment.

____ The Court finds that Respondent is without funds to obtain the evaluation or treatment or both. Respondent is referred to _____ for this service.

_/l_ ~~This~~ Stalking Protective Order is temporary and shall remain in effect until service of the Final Stalking Protective Order or dismissal of the matter.

____ This Stalking Protective Order and Judgment is of unlimited duration unless modified by law or further order of the Court.

**SECURITY AMOUNT FOR VIOLATION OF ANY PROVISION OF THIS ORDER IS $20,000, UNLESS OTHERWISE SPECIFIED.**

OTHER SECURITY AMOUNT: $_____

Signed: _April 5_, 20_10_

_____
Circuit Court Judge (Signature)

_Eveleen Henry_
Circuit Court Judge (Printed)



Exhibit C

## CERTIFICATE OF SERVICE

      I, Sebastian Newton-Tapia, hereby certify that I am the attorney for the Defendants herein; that I served the Plaintiff the foregoing **DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**, on the ___3rd___ day of July, 2012, by placing a duly certified copy thereof in a sealed envelope plainly addressed as follows:

Charles Wilson
PO Box 71764
82619 Slimonsen Road
Eugene, OR 97401


__XX__  Postage prepaid and deposited in the United States Post Office at Eugene, Oregon.

__XX__  CM/ECF.

_____  Delivered personally by me or by a member of my staff.

_____  Caused to be delivered by facsimile transmission, fax #:_____.


_____
Sebastian Newton-Tapia, OSB# 043761
Lane County Office of Legal Counsel
125 East Eighth Avenue
Eugene, OR  97401
541/682-3728
541/682-3803 fax
sebastian.newton-tapia2@co.lane.or.us
      Of Attorneys for Defendants