SEBASTIAN NEWTON-TAPIA, OSB # 043761
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, OR  97401
Telephone (541) 682-3728  FAX (541) 682-3803
E:Mail: Sebastian.NEWTON-TAPIA2@co.lane.or.us
Of Attorneys for Defendant former Sheriff Russel Burger

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHARLES WILSON,**<br><br>                    Plaintiff,<br><br>          v.<br><br>**LANE COUNTY SHERIFF ROSS BURGER**; in his individual and official capacities;<br><br>                    Defendant. | **Case No.  6:10-CV-06224**<br><br>**DECLARATION OF LARRY BROWN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

I, Larry Brown, declare as follows:

1. I am a Lane County Sheriff Deputy. I have been employed by the Lane County Sheriff's Office for over 16 years. I currently serve as Lieutenant at the Lane County Adult Correctional facility, herein LCAC.

2. I am aware of how records are kept and how records are required to be made within the LCAC. I have access to all records kept at the LCAC. I have reviewed the documents marked Exhibit A, pages 1-5 attached hereto. They are true and accurate copies of the originals. These records are kept in the course of regularly conducted activity. They are

made by the regularly conducted activity as a regular practice.  The records were made at or near the time of the reported event by a person with knowledge of the event.

3.   Upon review of the records kept at the LCAC facility, I know that Charles Wilson (plaintiff) was lodged at the LCAC on April 19, 2010 at approximately 10:25 AM and released April 20, 2010 at approximately 5:15 PM.

4.   Upon review of the records kept at the LCAC, I know that plaintiff was seen by medical staff on April 19, 2010 at approximately 10:30 AM and reported pain in his shoulder and knee due to a pre-existing condition.  Plaintiff did not report that he was injured during his arrest.  See Exhibit B, which is a record made by the regularly conducted activity as a regular practice.  The record was made at or near the time of the reported event by a person with knowledge of the event.

5.   Upon review of the records kept at the LCAC facility, I know that the intake holding cell where plaintiff was lodged for the first two hours of his incarceration had a working collect-call telephone.

6.   Upon review of the records kept at the LCAC facility, I know that inmates usually do not get "day room time" on the day they are arrested.  Although LCAC staff has, on occasion, given inmates an opportunity to use a phone when they did not have day room access scheduled on a particular day, due to unacceptable behavior on April 19, 2010 plaintiff lost the opportunity to access the phone for the remainder of that day.  Even though, plaintiff did not have unlimited access to a collect-call telephone on April 19th and 20th, plaintiff would have been given the opportunity to call an attorney if that request had been made.  Plaintiff never asked to call an attorney.

{00006483;1}Page 2- **DECLARATION OF LARRY BROWN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

7. Upon review of the records kept at the LCAC facility, I know that plaintiff lost the opportunity to use the phone on April 19, 2010 because he ripped apart his inmate manual and repeatedly pounded against the cell door after being instructed to stop.

8. The Sheriff is not personally informed of every pre-trial detainee lodged in the LCAC. I would not expect for the Sheriff to be notified of any aspect of plaintiff's incarceration, and it does not appear that he was ever aware of any action taken by any Lane County Sheriff's Deputy in this case. I am aware of the type of documentation that is forwarded to the Sheriff for his review. No such documentation exits. Although Russel Burger was the Sheriff when plaintiff was incarcerated at the LCAC, Burger is not currently the Sheriff for Lane County.

9. I have reviewed logs kept in the ordinary course of business concerning complaints of abuse and mistreatment by jail staff. We have no such report by Charles Wilson, except for the present Complaint.

10. If Plaintiff had told anyone in the LCAC that he had been assaulted by a Sheriff's Deputy, I know that all staff is aware of their obligation to report such an incident, which then would have been fully investigated. No such report or investigation exists.

///

///

///

///

///

11. The Sheriff's Office forwards any writing that might constitute a tort claim notice to the

Office of Legal Counsel.  The Sheriff's Office maintains copies of these notices as well.

No such notice was provided to the LCAC by Charles Wilson.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THIS DECLARATION IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Executed this __28th__ day of June, 2012.

By: _____
    Lt. Larry Brown

{00006483;1}Page 4- **DECLARATION OF LARRY BROWN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# INCIDENT REPORT
## LANE COUNTY SHERIFF'S OFFICE

Routed by:

HATE CRIME

GANG

**RELAT. REPORTS**
- ☐ Incident
- ☐ Accident
- ☐ Custody
- ☐ Citation
- ☐ Prop./Evidence
- ☐ Supplemental
- ☐ Dui Investigation

Page 1 of 4

**1. Incident & ORS No.** 163.750 Violation stalking Protective order

**2. Case Number** 10-8215

**3. Location** 82623 Simonsen Rd Eugene OR 97405

**5. Source** DISPATCHED

**6. Rept. Date** 4-18-10   **7. Time** 1725   **8. Occurred Date** 4-17-10   **9. Time** 0700 to

**VICTIM**

**10. Name** SNEDEGAR   **First** Michael   **Middle** Lee SR.   **11. DOB** 11-6-59   **12. Race/Sex** W/M   **13. Work Hours** N/A

**14. Res. Address** 82623 Simonsen Dr   **City** Eugene   **State** OR   **Zip** 97405   **15. Res. Phone** 541-302-4569   **16. Occupation/School/Type of Business** N/A

**17. Bus. Address** N/A   **City**   **State** **Zip**   **18. Bus. Phone** N/A   **19. Injured Yes☐**   **20. Where Taken** N/A   **21. NOT CONT'D**

**R-Comp/F-Firm**

**22. Name** N/A   **First**   **Middle**   **23. DOB**   **24. Race/Sex** **25. Work Hours**

**26. Address**   **City**   **State** **Zip**   **27. Res. Phone**   **28. Bus. Phone**   **29. Relationship**

**C-Comp/F-Firm**

**30. Name** N/A   **First**   **Middle**   **31. DOB**   **32. Race/Sex** **33. Work Hours**

**34. Address**   **City** **State** **Zip**   **35. Res. Phone**   **36. Bus. Phone**   **37. Relationship**

**VEHICLE INFORMATION**

☐ Stolen ☐ Suspect ☐ Vict. ☐ Loc ☐ Inv.   Towed Veh.   **38. VIN #**   **39. Value**

**40. Color (Top) _____ (Solid or Bottom) _____**   **41. Lic. #** N/A   **State** **Exp.Yr.** **Type** **Veh.Yr.** **Make** **Model** **Style**

| 01 black | 05 green | 08 tan |
| 02 blue | lime | beige |
| aqua | olive | 09 white |
| turquoise | 06 grey | cream |
| 03 brown | silver | 10 yellow |
| bronze | 07 red | 11 orange |
| copper | pink | gold |
| 04 purple | maroon | 12 unknown |

42. 
| 1 keys in vehicle | 1 delinquent payments | 1 sticker in window | SPECIAL VEHICLE FEATURES |
| 2 not driveable | 2 rust/primer spots | 2 sticker/decal on bumper |
| 3 stereo tape | 3 level altered | 3 sticker/decal on body |
| 4 CB radio | 4 decorative paint | 4 painted inscription on body |
| 5 special antenna | 5 damage to front |
| 6 vinyl top | 6 damage to rear | FURTHER DESCRIPTION OF MARKED ITEMS |
| 7 loud muffler | 7 damage to right | VCD  43. |
| 8 custom wheels | 8 damage to left |

**44. Reg. Owner Name** **First** **Middle**   **45. Phone**

**46. Address**   **City** **State** **Zip**   **47. DOB**   **48. Notified Date/Time**   **49. By Whom** **I.D. #**

**S-Susp/MP-Missing Person**

**50. Name** Wilson   **First** Charles   **Middle** Walter   **51. DOB/Age** 3-9-40   **52. AKA** N/A

**53. Address** 82619 Simonsen Dr   **City** Eugene   **State** OR   **54. Race/Sex** W/M   **Ht.** 510   **Wt.** 135   **Hair** GRY   **Eyes** HZL   **55. Photograph Yes☐**   **56. Composite Yes☐**

**57. Clothing Description** unk

**58. Name** N/A   **First**   **Middle**   **59. DOB/Age**   **60. AKA**

**61. Address** N/A   **City**   **State** **62. Race/Sex** **Ht.** **Wt.** **Hair** **Eyes**   **63. Photograph Yes☐**   **64. Composite Yes☐**

**65. Clothing Description**

| 1 1 black or dk. clothes | 1 1 right handed | unk/none | 0 _____ | 0 _____ | 0 unknown |
| 2 2 heavy coat | 2 2 left handed | names/initials | 1 _____ | 1 _____ | 1 head/neck |
| 3 3 gloves | 3 3 obvious wig | mom/mother/love | 2 _____ | 2 _____ | 2 shoulder/bicep |
| 4 4 bandages/cast | 4 4 effeminate | heart & dagger | 3 _____ | 3 _____ | 3 forearm/hand |
| 5 5 freckles | 5 6 squint | military insignia | 4 _____ | 4 _____ | 4 fingers |
| 6 6 acne | 6 6 crossayed | misc. pictures | 5 _____ | 5 _____ | 5 leg |
| 7 7 profane/abusive | 7 7 limp | missing extremity | 6 _____ | 6 _____ | 6 chest/stomach |
| 8 8 apologetic/polite | 8 8 poss. mental | scar (lg.) (sm.) | 7 _____ | 7 _____ | 7 back |
| | | birthmark | 8 _____ | 8 _____ | 8 other |

| 0 0 unknown | 0 0 unknown | 0 0 unknown | 0 0 unknown | 0 0 unknown | 0 0 unknown |
| 1 1 well dressed | 1 1 slight | 1 1 light-pale | 1 1 short | 1 1 straight | 1 1 normal |
| 2 2 casual | 2 2 medium | 2 2 medium | 2 2 collar | 2 2 wavy | 2 2 soft |
| 3 3 dirty/ragged | 3 3 heavy | 3 3 dark | 3 3 shoulder | 3 3 curly | 3 3 raspy |
| 4 4 mod/unusual clothes | 4 4 muscular | 9 9 other | 4 4 very long | 4 4 braided | 4 4 deep |
| 5 5 uniform | 9 9 other | | 5 5 balding/bald | 5 5 afro | 5 5 high |
| 9 9 other | | | 9 9 other | 9 9 other | |

**66. Additional Information** SCD

| 0 0 unknown | 0 0 unknown | 0 0 unknown | 0 0 unknown |
| 1 1 none | 1 1 none | 1 1 normal | 1 1 none |
| 2 2 mustache only | 2 2 plain wire frame | 2 2 gold/silver | 2 2 ski |
| 3 3 stubble only | 3 3 plain plastic frame | 3 3 missing | 3 3 stocking |
| 4 4 beard | 4 4 sunglasses—wire fr. | 4 4 very white | 4 4 kerchief |
| 5 5 sideburns | 5 5 sunglasses—plastic fr. | 5 5 decayed/dirty | 9 9 other |
| 9 9 other | 9 9 other | 9 9 other | |

**67. Reporting Officer** S. Fenley   **I.D. #** 110   **68. Assisting Officer** WILSON   **I.D. #** P74   **69. Date & Time Prepared** 4-19-10  0130   **70. Approved By** Exhibit A page 1 of 5   **I.D. #**

# CONTINUATION REPORT

### LANE COUNTY SHERIFF'S OFFICE

PAGE __2__ OF __4__

CASE NUMBER 10-2216

CONTACTED: .. .. ...Ogden, Tom Edwin   DOB: .03/23/29  .. ...
82705 Simonsen Rd Eugene, Or 97405
541-342-7864

INVESTIGATION: On 04/18/10 at 1804 hours I was dispatched to 82623 Simonsen Dr in Eugene for a Violation of Stalking Order. I contacted records and verified that Michael Lee Snedegar had a valid Stalking Order against Charles Warren Wilson. The stalking order was served on 04/05/10 at 1730 hours. The stalking order states that Wilson can't block, obstruct, or alter water flow to Snedegar's property.

I called Snedegar and received a statement. I tried to contact Wilson at his residence but there was no answer. I contacted Snedegar at his residence and he told me that on Saturday morning 04/17/10 at around 7-7:30 am he attempted to use his water. At that time he had no pressure and water was just dripping out. Snedegar went to his 1500 gallon holding tank and observed no water in the tank. Snedegar believes the water was shut off by Wilson.

Snedegar's property shares a water line with 3 other properties. The water line goes through Tom Edwin Ogden's property, then Wilson's, and ends at Snedegar's property. Snedegar has an easement along the waterline through the others properties. Ogden owns 50 percent, Wilson ownes 25 percent, and Snedegar owns 25 percent.

Snedegar usually walks the water line to find the reason for the water problem such as a broken line. This time Snedegar wasn't allowed to check the water line because Wilson has an elder abuse protective order against Snedegar which orders Snedegar to stay off Wilson's property. Snedegar has previously found his water turned off several times on the back side of Wilson's residence by the way of cut of valves.

Snedegar told me that Saturday morning 04/17/10 he had contacted Ogden and asked him if there were any problems with the water line. Ogden told Snedegar that he wasn't having any problems with his water.

Snedegar believed that Ogden had a way of contacting Wilson. I contacted Ogden at his residence. Ogden informed me that the spring that feeds the 3 properties was on BLM land and that he is the caretaker of the water line. Ogden fixes breaks prior to his residence and also on Wilson's and Snedegar's properties.

· Ogden volunteered to show us the water line and to check for any possible breaks. I informed Ogden that he didn't have to do that and that it wasn't his responsibility. Ogden said he wouldn't mind. I followed Ogden to where the water line crossed the dirt road to Wilson's property. I then followed Ogden across Wilson's property looking for any breaks in the line. We observed no breaks in the water line between the road and Wilson's residence.

I tried to make contact with Wilson at his residence but no one answered the door.

| Reporting Officer | I.D.# | Assisting Officer | I.D.# | Date & Time Prepared 04/19/10   0130 | |
|---|---|---|---|---|---|
| S. F(  ·J(   CC(I 'nu | | 1..·rI (o..ı ⁰74 | | | |

# CONTINUATION REPORT
LANE COUNTY SHERIFF'S OFFICE

PAGE 3 OF 4
CASE NUMBER 10-2215

Ogden showed me where the cut-off valves were on the backside of Wilson's house. There were 5 cut-off valves and 1 of them was turned off. I turned it back on and heard water enter the line. I followed Ogden up the water line between Wilson's residence and Snedegar's residence continually looking for any breaks in the line. We observed no breaks between Wilson's residence and Snedegar's residence.

I contacted Snedegar and asked him to check his water. Snedegar advised me that the water was running again.

I have probable cause to arrest Charles Warren Wilson DOB 3/9/40 for Violation of Stalking Order. I have completed a probable cause affidavit and attempt to locate form; which were turned in with this report.

Snedegar advised he and Wilson have a hearing on 04/19/10 to contest the orders. I sent Sgt Weir, Sergeant of transport, an email advising him of probable cause to arrest Wilson.


STATEMENT:             Snedegar, Michael Lee

I contacted Snedegar at his residence and Snedegar advised me that he had no water. Snedegar said when he woke up on Saturday April 17, 2010 at about 7-7:30 am he had no water. Snedegar has a 1500 gallon holding tank which was empty and estimates that he hasn't had water since the Tuesday or Wednesday prior to 04-17-10.

Snedegar stated that he bought his property from Wilson 5 years ago and with the purchase received water rights and easement along the water line. At that time Ogden owned 50 percent and Wilson owned 50 percent. When Wilson sold the property to Snedegar he also gave 25 percent of his water rights to Snedegar. Snedegar stated that he has had problems with Wilson since he moved in. Snedegar stated that Wilson has turned off his water about 10 times in the last 5 years; mostly when he leaves town but believes Wilson also does it to be mean. Because of the issues Snedegar was having he went to the courthouse and got a Stalking order against Wilson. At the same time Wilson got an elder abuse protective order against Snedegar.

Snedegar usually walks the water line to insure there are no breaks in the water line. Snedegar isn't allowed on Wilson's property due to the order against him from Wilson.

Snedegar contacted Ogden first thing on Saturday April 17, 2010 once he noticed he had no water. Ogden told Snedegar that he had no problem with water at his residence. Snedegar believes that Wilson turned off his water.

| Reporting Officer | I.D.# | Assisting Officer | I.D.# | Date & Time Prepared | |
|---|---|---|---|---|---|
| S. F0 | | | | 04/19/10   0130 | |

Exhibit A, page 3 of 5

# CONTINUATION REPORT
## LANE COUNTY SHERIFF'S OFFICE

PAGE 4 OF 4
CASE NUMBER 10-2215

**STATEMENT:**    **Ogden, Tom Edwin**

I contacted Ogden at his residence and confirmed with him that he had good water pressure at his house. Ogden told me the spring that feeds the 3 properties was on BLM land about 1 mile away. The water line goes from the spring through Ogden's property then Wilson's and ends on Snedegar's property. Ogden also does all the repairs on the water line between his property and the spring. Ogden also does most of the repairs between his residence and Wilson's and Snedegar's residence.

He told me that he has free access to walk the line to look for breaks in the line. Ogden volunteered to walk the line with me. I told him that he didn't have to do that and it wasn't his responsibility. Ogden told me that he didn't mind doing it.

**FOLLOW-UP:**      None: pending contact with Wilson

**REFERRAL:**        None

**DISPOSITION:**    Suspended

| Reporting Officer | I.D.# | Assisting Officer | I.D.# | Date & Time Prepared | |
|---|---|---|---|---|---|
| S. F/ | CC61 nu | | #74 | 04/19/10   0130 | |

# ın the Circuit Court of the State of Oregon for Lane County

THE .        , OF OREGON,

                              Plaintiff,

        vs.

Wilson, Charles Warren DOB 03/09/40,
                              Defendant.

Booking no.: _____
Agency no.: 2010-2215

**Affidavit of Probable Cause
and
Order**

STATE OF OREGON        )
                       ) ss.
County of Lane         )

        I, Stacy Fenley, am a deputy sheriff employed by the Lane County Sheriff's Office, where I have been so

employed for approximately 9 ½ years. My attached 4 page police report is incorporated herein as though fully set

forth at this point. If I were called to testify under oath my testimony would be consistent with said report, and I

believe the evidence described therein establishes probable cause to believe that Charles Warren Wilson, committed

the crime(s) of violation stalking order in Lane County, Oregon. I believe I have probable cause to arrest Charles

Warren Wilson for the crime(s) of violation stalking order.

_____
Signature

Stacy Fenley Deputy Sheriff
NAME and TITLE (printed)

SUBSCRIBED AND SWORN TO before me this __19__ day of __April__ ,20__10__

_____
NOTARY PUBLIC FOR THE STATE OF OREGON
My Commission Expires:

OFFICIAL SEAL
WENDIE A JACKSON
NOTARY PUBLIC-OREGON
COMMISSION NO. 443462
MY COMMISSION EXPIRES OCTOBER 18, 2013

## ORDER:

THIS MATTER came before the Court on the __19__ day of __April__ ,20__10__
for a determination of probable cause existing to arrest the Defendant.  The Court having
found probable cause; IT IS HEREBY ORDERED that the defendant shall be detained
pending further proceedings in the Court.

DATED this __19__ day of __April__ , 20__10__

_____
Circuit Court Judge

Exhibit A, page 5 of 5

## INITIAL ASSESSMENT FORM
### HEALTH SERVICES SCREENING CONTACT

| DATE TIME | Allergies - Claims none | SIGNATURE |
|---|---|---|
| 4-19-10 ~1030 | S. Code 3 Slumps to floor about 30 seconds or so after being housed in Booking -2 ā court appearance, That resulted in being brought to Jail — Is lying ā phone on floor between Sentrows - legs out straight - and both hands under his cheek - that is next Body Straight to the floor He is verbally responsive - opens his Eyes when asked to pupils are equal - and is able to tell the nurse he took his AM blood pressure meds - that some times he faints (∅ Dx for cause) - Is able ē help ₃ Deputies to Sit up in Chair - | |
|  | O 148/88 P-102 R-12-14 ∅ resp distress - moves all Extremities well - requests a vicodin for R shoulder/ Ⓛ knee pain - "I take it PRN" "when needed" - ∅ frequency given "I need a new knee" - "I would like a place to rest" | ∅ Injuries noted |
|  | A-?? Claimed HTN, Depression - knee + Shoulder pain on IAI P-moved to Intake for 30 min medical Observation MH to See | |
| ~1230 1300 | C/o Chestpain - when medical arrives to Eval - States he is much better OK - no assist needed | → claim |
| ~1330 | When nurse arrives to have Inmate Sign ROI to Roseburg VA - He Claims to be having a Stroke — Then is unable to Speak - but then answers a question yes - then Stops Speaking again - but writes a not demanding a phone call now - Is able to Stand - then closes eyes when asked to and begins to fall backwards but is able to catch himself and does not Fall - Peripheral Vision OK · ∅ nystagmus - O B/P 142/91 - P-104 - R-14 - CBG 99 - able to drink OⱭ - ∅ drulling ∅ facial Sag · O2 Sat 97% P- Is able to go to PTS now - States he's better now - ABruck RN | Seizure Disorder |
| | moves all Extremities well Sign ROI to VA B/P ✓ QD x 4 days | |

LANE COUNTY ADULT CORRECTIONS
MEDICAL DEPARTMENT

NAME: Wilson, Charles Warren
AIRS: 0118749    DOB: 3-9-4?
#1    C77-272

Exhibit B

## CERTIFICATE OF SERVICE

I, Sebastian Newton-Tapia, hereby certify that I am the attorney for the Defendants herein; that I served the Plaintiff the foregoing **DECLARATION OF LARRY BROWN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**, on the __3rd__ day of July, 2012, by placing a duly certified copy thereof in a sealed envelope plainly addressed as follows:

Charles Wilson
PO Box 71764
82619 Slimonsen Road
Eugene, OR 97401

_XX_   Postage prepaid and deposited in the United States Post Office at Eugene, Oregon.

_XX_   CM/ECF.

_____   Delivered personally by me or by a member of my staff.

_____   Caused to be delivered by facsimile transmission, fax #:_____.

_____
Sebastian Newton-Tapia, OSB# 043761
Lane County Office of Legal Counsel
125 East Eighth Avenue
Eugene, OR  97401
541/682-3728
541/682-3803 fax
sebastian.newton-tapia2@co.lane.or.us
            Of Attorneys for Defendants