Ralph Bradley
540 Oak Street, Suite C
Eugene Oregon 97401
541-343-1257
541-343-7185 (Fax)
ralphbradley@comcast.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLES WILSON, ) | Case No. 6:12-cv-00691-HO |
| Plaintiff, ) | |
| ) | PLAINTIFF'S RESPONSE AND |
| v. ) | OPPOSITION TO DEFENDANTS' MOTION |
| ) | FOR SUMMARY JUDGMENT |
| LANE COUNTY SHERIFF'S ) | |
| OFFICE; SHERIFF ROSS BURGER) | |
| in his individual and official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed his lawsuit pro se and without obtaining records prior to making his filing. Admittedly his complaint needs to be amended, in part to conform to the legal requirements discussed in this memorandum.[1] Plaintiff also needs to conduct discovery before he can respond adequately to defendants' motion. Therefore, as part of this response, he moves the Court for an additional 60 days to complete discovery, and within that time to submit further evidence, before

---

[1] In the Ninth Circuit, courts liberally construe pleadings in civil rights cases. **_Valdez v. Rosenbaum_**, 302 F.3d 1039, 1044 (9th Cir. 2002), citing to **_Buckey v. County of Los Angeles_**, 968 F.2d 791, 794 (9th Cir. 1992).

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 1 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

the court issues a ruling on defendants' motion.

POINTS AND AUTHORITIES:

This response and opposition is based upon this memorandum and the attached affidavit.

This lawsuit was intended to allege, and will allege, that Plaintiff's rights guaranteed by the US Constitution were violated during his April 19, 201 arrest and through his incarceration and release from the Lane County jail on the evening of April 20, 2010. The rights which were deprived include the use of excessive force during the arrest and handcuffing, the deprivation of Plaintiff's First and Fourth Amendment right to have access to a telephone for roughly 30 hours to call his family and attorney, and the deprivation of his right to have appropriate medical care during his incarceration.[2]

I.

QUALIFIED IMMUNITY

Under **_Saucier v. Katz_**, 533 US 194, 121 S.Ct. 2151, 150 L.Ed.2d (2001), the Court's first task is to determine, as to each claim, "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a constitutional right." **_Stevens v. Rose_**, 298 F.3d 880, 883 (9th Cir. 2002) (internal quotation marks omitted). "Second, if the officers violated a constitutional right, we inquire whether that right was 'clearly established' when reviewed in the context of the case." **_Ganwich v. Knapp_**, 319 F.3d 1115, 1119 (9th Cir. 2003). The issue of qualified immunity for each claim is discussed under those sections in this memorandum.

---

[2]See **_Butler v. San Diego Dist. Attorney's Office_**, 370 F.3d 956, 964 (9th Cir. 2004) holding that a plaintiff who "passes ... initial hurdle" of alleging a constitutional violation in a complaint "is entitled to enough discovery to permit the court to rule on a defendant's subsequent summary judgment motion."

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

II.

EXCESSIVE FORCE

Plaintiff presents a Fourth Amendment claim[3] that excessive force was used when handcuffing him during his arrest, and that the force caused his shoulder to be dislocated.

> "To determine whether the force used by the officers is excessive under the Fourth Amendment, we must assess whether it was objectively reasonable 'in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Graham v. Connor*, 490 US 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 'Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.' *Id*. At 396, 109 S.Ct. 1865 (internal quotation marks omitted).
>
> In this analysis, we must consider the following factors: (1) the severity of the crime at issue; (2) whether Gregory posed an immediate threat to the safety of the officers or others; and (3) whether Gregory actively resisted arrest. See *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, ;921 (9th Cir. 2011).
>
> 'Because such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom ... summary judgment or judgment as a matter of law ... should be granted sparingly' in cases involving claims of excessive force. *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003).'

*Gregory v. County of Maui*, 523 F.3d 1103 (9th Cir. 2008).[4]

Answering those questions regarding Plaintiff Charles Wilson's claim that excessive

---

[3]See *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007).

[4]The Court in *Gregory v. County of Maui, supra,* found that the officers had grounds for believing some force was necessary because they were informed at the scene that Gregory had assaulted someone, that he was possibly under the influence of drugs, that Gregory was acting in a bizarre manner, that when they found Gregory in a studio he was holding a pen with its point facing toward them (the court noting that a pen held by a bank robber was a "dangerous weapon" where the robber threatened to use it to kill a teller. None of those facts are present for Plaintiff Charles Wilson.

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 3 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

force was used during his arrest:

(1) His arrest for a violation of a temporary civil stalking order.

(2) No one has claimed that Plaintiff presented an immediate threat to the safety of the officers or others. Perhaps most important, that claim was not made in Defendants' motion for summary judgment.

(3) No one claimed that Plaintiff Charles Wilson attempted to evade arrest.

Thus, none of the factors supports the use of force against Charles Wilson that would result in the dislocation of his shoulder.

Defendants offer part of the records in their file relating to Plaintiff's claim that excessive force was used in his arrest[5]. They do not offer notes from the transportation officer who heard Plaintiff and another inmate talk about Plaintiff's shoulder pain during transport, nor do they offer any notes showing Plaintiff's request for his own pain medicine, to alleviate the pain from his separated shoulder.

A juror could reasonably conclude that Plaintiff's evidence is more persuasive than nursing notes and rule in Plaintiff's favor.[6]

The law involving excessive force was clearly established prior to Plaintiff Charles Wilson's arrest, precluding the application of qualified immunity.

---

[5] It is not known whether defendants offered the entirety of Plaintiff Charles Wilson's nursing records as part of their motion. What was provided appears to show notes for all or part of April 19, 2010 without any notes for April 20, 2010.

[6] To defeat a motion for summary judgment alleging an officer's use of excessive force, the Plaintiff must show that "a reasonable jury could have found that the officer's use of force was excessive." **Lolli v. County of Orange**, 351 F.3d 410, 416 (9th Cir. 2003).

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 4 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

II.

INDIFFERENCE TO MEDICAL NEEDS

Plaintiff Charles Wilson claims that the Sheriff's Deputies at the Lane County jail were deliberately indifferent to his serious medical needs in violation of his Constitutional rights under the Due Process claim of the Fourteenth Amendment.

An arrestee has

> "the established right to not have officials remain deliberately indifferent to [their] serious medical needs" while in police custody."

*Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1187 (9th Cir. 2002). To state a claim, Plaintiff Charles Wilson must show that the relevant Lane County nurse or officer was aware of a serious medical need and disregarded that need. *Id.*

Plaintiff Charles Wilson's affidavit provides proof of his entitlement to a jury determination on his claim that county officials were deliberately indifferent to his serious medical needs. Plaintiff Wilson told the nurse that he needed five separate medications, one for pain, one for anxiety and PTSD, one for depression, one to control his blood pressure, and one for sleeping assistance. He does not remember receiving any medication for these conditions, at least one of which might be life threatening, despite informing jail personnel that his family could bring those medications to the jail to have them dispensed there. Thus, the county officials had knowledge of his serious medical condition, deliberately kept him from having medication to control his condition, and deliberately failed to provide him with other medication to assist with those conditions.

The right to not have officials remain deliberately indifferent to serious medical needs

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 5 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

was clearly established before 2010, when Plaintiff was denied medical care for his serious medical needs.[7] Thus, there is no right to qualified immunity for this claim.[8]

III.

ACCESS TO A WORKING TELEPHONE

***Halvorsen v. Baird***, 146 F.3d 680, 690 (9th Cir 1988) establishes that a detainee has a substantive due process right not to be held incommunicado. There, the court held that Plaintiff's Constitutional rights were violated when they were denied access to a telephone for 6 hours.

In ***Strandberg v. City of Helena***, 791 F.3d 744, 747 (9th Cir. 1986), the court recognized that detainees and prisoners have a First Amendment right to telephone access. The denial of access to a telephone was for only thirty minutes in that case, resulting in the court determining that no constitutional violation occurred.

While these cases demonstrate a First Amendment right to contact with the outside world, flexibility is granted to law enforcement officers in a manner that takes into account the logistical

---

[7]*See* ***Hamilton v. Endell***, 981 F.2d 1062, 1066 (9th Cir. 1992); ***Estelle v. Gamble***, 429 US 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

[8]*See also* ***Clement v. Gomez***, 298 F.3d 898, 904 (9th Cir. 2002) holding that deliberate indifference to prisoner's serious medial needs would exist if Plaintiff could show the officials "were aware of the harmful effects of the pepper spray and the inadequacy of their ventilation system and yet purposefully refused to provide showers, medical care, or combative instructions or to develop an adequate policy to address obvious risks." The situation has sufficient similarities to Plaintiff Charles Wilson in that the medical personnel were aware of the harmful effects of denying medication designed to control Plaintiff Charles Wilson's medical issues and yet purposefully kept him from receiving that medication. *See also* ***Keenan v. Hall***, 83 F.3d 1083, 1091, (9th Cir. 1996) holding that "[t]he Eighth Amendment guarantees adequate medical care for inmates," citing to ***McGuckin v. Smith***, 974 F.2d 1050, 1059 (9th Cir. 1992).

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

and security requirements of booking, transport and confinement. *Halvorsen v. Baird, supra,* at 689-90; *Strandberg v. City of Helena, supra*, at 747.

When viewed in the light most favorable to Plaintiff Charles Wilson, a reasonable juror could find that Plaintiff Charles Wilson was denied access to a working phone for approximately 30 hours; that he repeatedly requested permission to call his family and an attorney; for most of the 30 hours the law enforcement officers were not involved with booking or transport procedures, but rather Plaintiff was in a cell in solitary confinement; that officers failed to accommodate Plaintiff's repeated requests to inform his family about his whereabouts, when the officers were in a position to grant the request without compromising security or significantly impairing the efficiency of their booking procedures.

Denial of access to a phone for two-and-one-half hours had previously been found to violate a detainee's substantive due process rights. Denying that right for roughly 30 hours is a clear violation of Plaintiff Charles Wilson's Constitutional rights, negating any application of qualified immunity.

### SHERIFF BURGER

Because no discovery has taken place, it is not known what role Sheriff Burger played in establishing the policies of the county in measures to prevent excessive force, to deny reasonable access to telephones, and to not be deliberately indifferent to serious medical needs of inmates. Plaintiff should be entitled to discovery to learn of this defendant's role in setting county policy, which may result in his liability on each of Plaintiff's claims.[9]

---

[9]This is also true for claims against the county, as a municipality.

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 7 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

Ralph Bradley
540 Oak Street, Suite C
Eugene Oregon 97401
541-343-1257
541-343-7185 (Fax)
ralphbradley@comcast.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLES WILSON,       )<br>                              )<br>    Plaintiff,           )<br>                              )<br>    v.                    )<br>                              )<br>LANE COUNTY SHERIFF'S )<br>OFFICE; SHERIFF ROSS BURGER)<br>in his individual and official )<br>capacities,               )<br>                              )<br>    Defendants.          )<br>_____) | Case No. 6:12-cv-00691-HO<br><br>PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

I, Charles Wilson, being first duly sworn, hereby depose and say that I am the Plaintiff and I make this affidavit in response and opposition to Defendants' motion for summary judgment.

I filed my lawsuit without the assistance of an attorney. I do not have any legal training. I am 72 years old and have never been convicted of a crime.. I intended my lawsuit to address the deprivation of my constitutional rights as a citizen of the United States stemming from my arrest for allegedly violating a civil stalking order, which was later dismissed. As a result of the

PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT - 1 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

arrest, I was handcuffed with enough force that my shoulder dislocated. I was lodged in the Lane County jail and was not permitted to use a working phone to call my family or attorney. I was denied the right to have access to the five medications I was taking, which were in my family's possession. That is a summary of the basis for my lawsuit. What follows is a more specific description of the events that are the basis of my lawsuit.

These events occurred prior to April 5, 2010. I filed three motions in Lane County Circuit Court to be granted Elder Abuse Restraining Orders against Michael Snedegar, Sr., his wife Tina Snedegar, and their son, Michael Snedegar Jr. On that same day, the Snedegar family filed motions to be awarded stalking orders against me. The Honorable Eveleen Henry took testimony from me, only, on my motions, and from Mr. Snedegar, only, on their motions. Judge Henry granted two of my motions as well as Mr. Snedegar's motion. She urged us to try to settle our differences and set a hearing for April 19, 2010 to allow all of us to contest the orders that she granted that day.

When I appeared on April 19, 2010, I made an offer to the Snedegars which wasn't accepted. I asked the court for an extension of time to get an attorney. That request was granted and the trial was set for April 30, 2010. Before I left, the Court asked the Snedegars if they were sure I would harm anybody, apparently thinking that I wouldn't. I don't remember the answer that the Snedegars gave. I left the courtroom, and shortly after leaving, a Lane County Sheriff's Deputy followed me, then approached me, while the Snedegars were watching. After speaking with me, the Deputy forcefully put my hands behind my back and handcuffed me. He did that with enough force to cause my shoulder to dislocate.

PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2 -
Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

I was taken to transport and informed the transport officer that I needed assistance to get into the van because my shoulder was out of place. I was given assistance by someone else who was also under arrest. When I was in the van, the person who helped me into the van and I sat next to another person on a bench that appeared to be intended for three people. When they attempted to seat a fourth person next to me, the person who helped me into the van asked the deputy in charge of the transport to have the fourth person sit some place other than our bench since I had a lot of shoulder pain. That request was granted.

When I arrived at the jail, I was booked, put into prison clothes, and put in a cell with another inmate. About an hour later, I was put in solitary confinement.

I saw a nurse and told her I had substantial shoulder pain. I also told her that I had chronic knee pain. Finally, I told her that I was taking five prescription medicines that my family had and that I needed to take them several times a day. I also told her that my family would bring them to me and asked for permission to call them. Those medications included anti-anxiety medicine which also helps with my PTSD (I was diagnosed with that through the Veteran's Administration), an anti-depressant medicine, a pain medicine for my knee, a medicine to assist with my blood pressure, and a medicine to help me sleep. The nurse would not allow me to call my family to bring those medications to me, nor to the jail, to have them dispensed to me as prescribed. I told the nurse numerous times that I also needed pain medication for the pain in my shoulder and in my knee.

I do not remember the nurse giving me any medication.

I was then taken to my cell.

PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

I knocked on the door to my cell several times to request permission to call my family and to call an attorney. On each occasion, someone came to my cell, said I could not make any phone calls, and told me that I was not permitted to pound on my door. I then put several notes under the door requesting access to a phone to call an attorney and my family.

A female officer came to my cell and spoke with me. She told me that I would have to wait for the next shift and make a request with the people on that shift to allow me to make a phone call. She then warned me that if I put another note under the door, they would ignore me and I wouldn't be able to talk with anyone for at least a week. Therefore, I stopped sending notes.

From the sounds, I knew that the next shift arrived. I was told by a person on the new shift that I could not use a phone until the next shift comes on because the phone isn't turned on until 8 the next morning. I told that person that I needed my medicine now and he said there wasn't anything he could do.

I paced the floor and the pain in my shoulder increased and was unbearable. I laid down on the floor and put my shoulder next to the door frame, pushed hard, and got my shoulder to become located again. I was groaning with severe pain to the point that I lost my voice.

Another jail person came to my cell and told me that I needed to talk with somebody. I sat in silence because of my pain. He taunted me about losing my voice and later said it was a miracle I could speak when he told me I wouldn't be released unless I talked to him.

He took me to a window to talk with someone else. She asked questions and I gave answers and I don't remember what was said.

PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

I went back to my cell. In the morning, a female deputy came to my cell and told me to follow her. I did and was taken to a room. I asked her if I could use the phone to call an attorney and to call my family. She said yes but all I could get was a recording that denied access to any call. I told her and she said the phone doesn't get turned on until 9:00 a.m. At 9:00, I said "it's 9:00, may I call now." She said yes so I went to the phone and lifted the receiver, intending to call an attorney. I heard a recording saying I wasn't allowed to make a call. I told the officer with me that I received a recording. She said "try again in 5 minutes." I tried several times and each time got the recording. I said I really needed to talk to someone - can you get this phone to work for me. She said "let me try." She tried the phone and said it worked fine. I tried it again and it didn't work fine - I got the same recording saying I couldn't make the call. The woman said to try again because it worked fine for her. A sign on the phone said it connected directly to the public defender but that I could also use the phone to make an outside call. I tried again and got the same recording. A young man, who was another inmate, was standing nearby and I asked him to please try the phone to see if it worked for him. He tried it once or twice and said he, too, got the recording. The female deputy in the jail was standing there, glaring at me. She said "you are giving me way to much trouble - follow me." She took me back to my cell and locked me in.

I created a sling for my arm because I was still in great pain. I sat there, in my cell, unable to make any phone calls or receive any medication. I appeared in "jail court" around 1:30 p.m.

Before returning to my cell after appearing in court, the same female deputy came up to me and asked what I was doing wearing "that thing," referring to my sling. I said I was then, and

PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT - 5 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

## CONCLUSION

Defendants' motion for summary judgment should be denied. Their claim for qualified immunity should be denied. If the Court disagrees, the Court should allow Plaintiff 60 days to conduct discovery and provide further evidence supporting Plaintiff's claims and opposing Defendants' motion.

Dated July 31, 2012.

_____
Ralph Bradley, OSB# 800200
Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO, AND OPPOSITION, TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

had been, in severe pain and had used some material in my cell to make a sling to help ease the pain. She demanded that I give her the sling, which I did. I was then taken back to my cell. I did not make any further requests to make phone calls, or to receive medicine, because of what I was told, i.e.,. that if I made any more requests, I would be kept there for over a week.

I was released that night, somewhere around 5:30 p.m. Before being released, I was told I had to sign a release so that they could get my medical records through the VA. I said I didn't want to sign anything and was told that I wouldn't be released until I did. So I signed, against my will.

My family was there to pick me up. The first thing they did was to take me to the van I was in before my arrest so that I could take my pain medication. I went home where I took the remainder of my medicine.

When I appeared for court on or about April 30, 2010, the Snedegars dismissed their stalking order against me and I dismissed my elder abuse restraining orders against them.

I received further mental health counseling through the Veteran's Administration, and I am continuing to see a counselor through them, in part for issues relating to my arrest and stay in the Lane County jail.

_____
CHARLES WILSON

SUBSCRIBED and SWORN to before me July 31, 2012.

NOTARY PUBLIC FOR OREGON

OFFICIAL SEAL
RALPH ARTHUR BRADLEY
NOTARY PUBLIC-OREGON
COMMISSION NO. A449536
MY COMMISSION EXPIRES JUNE 12, 2014

PLAINTIFF'S AFFIDAVIT RESPONDING TO, AND OPPOSING, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6 -

Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

CERTIFICATE OF SERVICE

I certify that I served a true copy of the attached Plaintiff's Response and Opposition to Defendant's Motion for Summary Judgment on Defendants by placing the same in the United States mail, first class, postage prepaid, this 31st day of July, 2012, addressed to:

Sebastian Newton-Tapia, OSB# 043761
Lane County Office of County Counsel
125 E. 8th Avenue
Eugene Oregon 97401
Attorney for Defendants

_____
Ralph Bradley, OSB# 800200
Attorney for Plaintiff