Ralph Bradley
540 Oak Street, Suite C
Eugene Oregon 97401
541-343-1257
541-343-7185 (Fax)
ralphbradley@comcast.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHARLES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>LANE COUNTY SHERIFF'S OFFICE; SHERIFF ROSS BURGER in his individual and official capacities,<br><br>Defendants. | Case No. 6:12-cv-00691-HO<br><br>PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff filed his lawsuit pro se and without obtaining records prior to making his filing. Admittedly his complaint needs to be amended, in part to conform to the legal requirements discussed in this memorandum.[1] Plaintiff also needs to conduct discovery before he can respond adequately to defendants' motion. Therefore, as part of this response, he moves the Court for an additional 60 days to complete discovery, and within that time to submit further evidence, before

[1]In the Ninth Circuit, courts liberally construe pleadings in civil rights cases. ***Valdez v. Rosenbaum***, 302 F.3d 1039, 1044 (9th Cir. 2002), citing to ***Buckey v. County of Los Angeles***, 968 F.2d 791, 794 (9th Cir. 1992).



**Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net**

the court issues a ruling on defendants' motion.

POINTS AND AUTHORITIES:

This response and opposition is based upon this memorandum and the attached affidavit.

This lawsuit was intended to allege, and will allege, that Plaintiff's rights guaranteed by the US Constitution were violated during his April 19, 201 arrest and through his incarceration and release from the Lane County jail on the evening of April 20, 2010. The rights which were deprived include the use of excessive force during the arrest and handcuffing, the deprivation of Plaintiff's First and Fourth Amendment right to have access to a telephone for roughly 30 hours to call his family and attorney, and the deprivation of his right to have appropriate medical care during his incarceration.[2]

I.

QUALIFIED IMMUNITY

Under ***Saucier v. Katz***,533 US 194, 121 S.Ct. 2151, 150 L.Ed.2d (2001), the Court's first task is to determine, as to each claim, "whether the facts, taken in the light most favorable to the plaintiff, show the officer's conduct violated a constitutional right." ***Stevens v. Rose***, 298 F.3d 880, 883 (9th Cir. 2002) (internal quotation marks omitted). "Second, if the officers violated a constitutional right, we inquire whether that right was 'clearly established' when reviewed in the context of the case." ***Ganwich v. Knapp***, 319 F.3d 1115, 1119 (9th Cir. 2003). The issue of qualified immunity for each claim is discussed under those sections in this memorandum.

---

[2]*See* ***Butler v. San Diego Dist. Attorney's Office***, 370 F.3d 956, 964 (9th Cir. 2004) holding that a plaintiff who "passes ... initial hurdle" of alleging a constitutional violation in a complaint "is entitled to enough discovery to permit the court to rule on a defendant's subsequent summary judgment motion."



Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

II.

EXCESSIVE FORCE

Plaintiff presents a Fourth Amendment claim[3] that excessive force was used when handcuffing him during his arrest, and that the force caused his shoulder to be dislocated.

> "To determine whether the force used by the officers is excessive under the Fourth Amendment, we must assess whether it was objectively reasonable 'in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." ***Graham v. Connor***, 490 US 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 'Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.' ***Id***. At 396, 109 S.Ct. 1865 (internal quotation marks omitted).
>
> In this analysis, we must consider the following factors: (1) the severity of the crime at issue; (2) whether Gregory posed an immediate threat to the safety of the officers or others; and (3) whether Gregory actively resisted arrest. *See* ***Arpin v. Santa Clara Valley Transp. Agency,*** 261 F.3d 912, ;921 (9th Cir. 2011).
>
> 'Because such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom ... summary judgment or judgment as a matter of law ... should be granted sparingly' in cases involving claims of excessive force. ***Drummond v. City of Anaheim***, 343 F.3d 1052, 1056 (9th Cir. 2003).'

***Gregory v. County of Maui***, 523 F.3d 1103 (9th Cir. 2008).[4]

Answering those questions regarding Plaintiff Charles Wilson's claim that excessive

---

[3]*See* ***Blankenhorn v. City of Orange***, 485 F.3d 463, 477 (9th Cir. 2007).

[4]The Court in ***Gregory v. County of Maui, supra,*** found that the officers had grounds for believing some force was necessary because they were informed at the scene that Gregory had assaulted someone, that he was possibly under the influence of drugs, that Gregory was acting in a bizarre manner, that when they found Gregory in a studio he was holding a pen with its point facing toward them (the court noting that a pen held by a bank robber was a "dangerous weapon" where the robber threatened to use it to kill a teller. None of those facts are present for Plaintiff Charles Wilson.



Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

force was used during his arrest:

(1) His arrest for a violation of a temporary civil stalking order.

(2) No one has claimed that Plaintiff presented an immediate threat to the safety of the officers or others. Perhaps most important, that claim was not made in Defendants' motion for summary judgment.

(3) No one claimed that Plaintiff Charles Wilson attempted to evade arrest.

Thus, none of the factors supports the use of force against Charles Wilson that would result in the dislocation of his shoulder.

Defendants offer part of the records in their file relating to Plaintiff's claim that excessive force was used in his arrest[5]. They do not offer notes from the transportation officer who heard Plaintiff and another inmate talk about Plaintiff's shoulder pain during transport, nor do they offer any notes showing Plaintiff's request for his own pain medicine, to alleviate the pain from his separated shoulder.

A juror could reasonably conclude that Plaintiff's evidence is more persuasive than nursing notes and rule in Plaintiff's favor.[6]

The law involving excessive force was clearly established prior to Plaintiff Charles Wilson's arrest, precluding the application of qualified immunity.

---

[5]It is not known whether defendants offered the entirety of Plaintiff Charles Wilson's nursing records as part of their motion. What was provided appears to show notes for all or part of April 19, 2010 without any notes for April 20, 2010.

[6]To defeat a motion for summary judgment alleging an officer's use of excessive force, the Plaintiff must show that "a reasonable jury could have found that the officer's use of force was excessive." ***Lolli v. County of Orange***, 351 F.3d 410, 416 (9th Cir. 2003).



**Ralph A. Bradley, P.C.**
**540 Oak Street, Suite C**
**Eugene, Oregon 97401**
**Phone: (541) 343-1257**
**Fax: (541) 343-7185**
**ralphbradley@comcast.net**

II.

INDIFFERENCE TO MEDICAL NEEDS

Plaintiff Charles Wilson claims that the Sheriff's Deputies at the Lane County jail were deliberately indifferent to his serious medical needs in violation of his Constitutional rights under the Due Process claim of the Fourteenth Amendment.

An arrestee has

> "the established right to not have officials remain deliberately indifferent to [their] serious medical needs" while in police custody."

***Gibson v. County of Washoe, Nev.,*** 290 F.3d 1175, 1187 (9th Cir. 2002). To state a claim, Plaintiff Charles Wilson must show that the relevant Lane County nurse or officer was aware of a serious medical need and disregarded that need. ***Id.***

Plaintiff Charles Wilson's affidavit provides proof of his entitlement to a jury determination on his claim that county officials were deliberately indifferent to his serious medical needs. Plaintiff Wilson told the nurse that he needed five separate medications, one for pain, one for anxiety and PTSD, one for depression, one to control his blood pressure, and one for sleeping assistance. He does not remember receiving any medication for these conditions, at least one of which might be life threatening, despite informing jail personnel that his family could bring those medications to the jail to have them dispensed there. Thus, the county officials had knowledge of his serious medical condition, deliberately kept him from having medication to control his condition, and deliberately failed to provide him with other medication to assist with those conditions.

The right to not have officials remain deliberately indifferent to serious medical needs



**Ralph A. Bradley, P.C.**
**540 Oak Street, Suite C**
**Eugene, Oregon 97401**
**Phone: (541) 343-1257**
**Fax: (541) 343-7185**
**ralphbradley@comcast.net**

was clearly established before 2010, when Plaintiff was denied medical care for his serious medical needs.[7] Thus, there is no right to qualified immunity for this claim.[8]

III.

ACCESS TO A WORKING TELEPHONE

***Halvorsen v. Baird***, 146 F.3d 680, 690 (9th Cir 1988) establishes that a detainee has a substantive due process right not to be held incommunicado. There, the court held that Plaintiff's Constitutional rights were violated when they were denied access to a telephone for 6 hours.

In ***Strandberg v. City of Helena***, 791 F.3d 744, 747 (9th Cir. 1986), the court recognized that detainees and prisoners have a First Amendment right to telephone access. The denial of access to a telephone was for only thirty minutes in that case, resulting in the court determining that no constitutional violation occurred.

While these cases demonstrate a First Amendment right to contact with the outside world, flexibility is granted to law enforcement officers in a manner that takes into account the logistical

---

[7]*See* ***Hamilton v. Endell***, 981 F.2d 1062, 1066 (9th Cir. 1992); ***Estelle v. Gamble***, 429 US 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

[8]*See also* **Clement v. Gomez**, 298 F.3d 898, 904 (9th Cir. 2002) holding that deliberate indifference to prisoner's serious medial needs would exist if Plaintiff could show the officials "were aware of the harmful effects of the pepper spray and the inadequacy of their ventilation system and yet purposefully refused to provide showers, medical care, or combative instructions or to develop an adequate policy to address obvious risks." The situation has sufficient similarities to Plaintiff Charles Wilson in that the medical personnel were aware of the harmful effects of denying medication designed to control Plaintiff Charles Wilson's medical issues and yet purposefully kept him from receiving that medication. *See also* ***Keenan v. Hall***, 83 F.3d 1083, 1091, (9th Cir. 1996) holding that "[t]he Eighth Amendment guarantees adequate medical care for inmates," citing to ***McGuckin v. Smith***, 974 F.2d 1050, 1059 (9th Cir. 1992).



**Ralph A. Bradley, P.C.**
**540 Oak Street, Suite C**
**Eugene, Oregon 97401**
**Phone: (541) 343-1257**
**Fax: (541) 343-7185**
**ralphbradley@comcast.net**

and security requirements of booking, transport and confinement. ***Halvorsen v. Baird, supra,*** at 689-90; ***Strandberg v. City of Helena, supra***, at 747.

When viewed in the light most favorable to Plaintiff Charles Wilson, a reasonable juror could find that Plaintiff Charles Wilson was denied access to a working phone for approximately 30 hours; that he repeatedly requested permission to call his family and an attorney; for most of the 30 hours the law enforcement officers were not involved with booking or transport procedures, but rather Plaintiff was in a cell in solitary confinement; that officers failed to accommodate Plaintiff's repeated requests to inform his family about his whereabouts, when the officers were in a position to grant the request without compromising security or significantly impairing the efficiency of their booking procedures.

Denial of access to a phone for two-and-one-half hours had previously been found to violate a detainee's substantive due process rights. Denying that right for roughly 30 hours is a clear violation of Plaintiff Charles Wilson's Constitutional rights, negating any application of qualified immunity.

SHERIFF BURGER

Because no discovery has taken place, it is not known what role Sheriff Burger played in establishing the policies of the county in measures to prevent excessive force, to deny reasonable access to telephones, and to not be deliberately indifferent to serious medical needs of inmates. Plaintiff should be entitled to discovery to learn of this defendant's role in setting county policy, which may result in his liability on each of Plaintiff's claims.[9]

---

[9]This is also true for claims against the county, as a municipality.



Ralph A. Bradley, P.C.
540 Oak Street, Suite C
Eugene, Oregon 97401
Phone: (541) 343-1257
Fax: (541) 343-7185
ralphbradley@comcast.net

## CONCLUSION

Defendants' motion for summary judgment should be denied. Their claim for qualified immunity should be denied. If the Court disagrees, the Court should allow Plaintiff 60 days to conduct discovery and provide further evidence supporting Plaintiff's claims and opposing Defendants' motion.

Dated July 31, 2012.

Ralph Bradley, OSB# 800200
Attorney for Plaintiff



**Ralph A. Bradley, P.C.**
**540 Oak Street, Suite C**
**Eugene, Oregon 97401**
**Phone: (541) 343-1257**
**Fax: (541) 343-7185**
**ralphbradley@comcast.net**

Certificate of Service

I certify that I served a true copy of the attached Plaintiff's Affidavit Responding to, and Opposing, Defendants' Motion for Summary Judgment on Defendant by emailing on July 31st, and Faxing and mailing a copy of the same, in the United States mail in Eugene, Oregon, first class, postage prepaid, this 1st day of August, 2012, addressed to:

Sebastian Newton-Tapia, OSB#043761
Lane County Office of County Counsel
125 E 8th Avenue
Eugene, Oregon 97401
Sebastian.NEWTON-TAPIA2@co.lane.or.us
Attorney for Defendants

Ralph Bradley, OSB#800200,
Attorney for Plaintiff