IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES WILSON,

    Plaintiff,

    v.

LANE COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.
_____

Civ. No. 6:12-cv-00691-MC

ORDER

MCSHANE, Judge:

    Pending before me are several motions, including motions for fees and costs, motions to withdraw and to recover out-of-pocket expenses, and motions to appoint *pro bono counsel* and provide transcripts at government expense. These motions come after a jury verdict in defendants' favor. Before trial, I granted in part a defense motion for summary judgment, leaving plaintiff's excessive force and lack of access to a telephone claims for trial. While plaintiff's claims presented to the jury were not frivolous, they required the jury to find him more credible than the officers. At trial, it immediately became clear that the arresting officers did not use excessive force in the arrest. Plaintiff's telephone claim simply boiled down to who the jury believed. Clearly, the jury found the officers more credible than plaintiff.

1 –ORDER

Turning to the pending motions, defendants move for an award of costs. *See* ECF No. 184. Costs are generally allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Defendants seek recovery of $1,427.87 in costs for transcripts necessarily obtained for use in the case, $102.71 in costs for witness fees and mileage, and $20.00 in docket fees. Plaintiff does not oppose the requested costs. All of the requested costs are recoverable by the prevailing party. *See* 28 U.S.C. § 1920; 1923. Defendants filed the affidavit required under 28 U.S.C. § 1924 verifying the bill of costs. *See* ECF No. 185. Defendants' motion for costs in the amount of $1,550.58, ECF No. 184, is GRANTED.

Defendants also move for an award of attorney fees under 42 U.S.C. § 1988. ECF No. 182. Unlike prevailing plaintiffs in civil rights cases, prevailing defendants in civil rights actions are not automatically awarded attorney's fees. In fact, prevailing defendants in civil rights cases are only entitled to attorney's fees in "exceptional circumstances," and only when a plaintiff's claims are "frivolous, unreasonable or groundless." *Harris v. Maricopa Co. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (internal citations omitted). Good public policy reasons justify the different burdens for fees. Most significantly, awarding attorney's as a matter of course to prevailing defendants in civil rights actions would greatly increase the risk to plaintiffs bringing such cases, thereby frustrating Congress's efforts promoting the "vigorous enforcement" of such statutes. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

Defendants make no argument that plaintiff's claims were frivolous. I conclude plaintiff's claims were not frivolous and no "exceptional circumstances" exist justifying an award of fees here. In making this conclusion, I note that plaintiff's excessive force claim, at least to the extent an excessive force claim can be frivolous, approaches that line. If plaintiff mentioned to the

2 –ORDER

officers that he had a bad shoulder (that spontaneously dislocates), this could be a closer case. But it is undisputed that plaintiff never mentioned his history of shoulder problems to the officers before the arrest. And had the jury believed plaintiff's testimony, it could have found for plaintiff on the telephone claim. Defendants' motion for fees, ECF No. 182, is DENIED.

Pursuant to the District of Oregon's *Pro Bono* Representation Program, Plaintiff's attorney moves for reimbursement of $6,651.37 in out-of-pocket expenses. ECF No. 190. Plaintiff's attorney incurred $3,055.93 in deposition and transcript costs, and $3,595.44 in travel expenses. The District's *Pro Bono* Program Procedures are listed on the District's website. *See* http://www.ord.uscourts.gov/index.php/attorneys/pro-bono-panel. Paragraph 7 of the Program Procedures states the maximum reimbursement for out-of-pocket expenses is $3,000.00 per case. Therefore, plaintiff's motion for reimbursement, ECF No. 190, is GRANTED in part, to the program maximum of $3,000.00.

Plaintiff's attorney also moves to withdraw. ECF No. 191. This motion is GRANTED.

Finally, I move to motions plaintiff filed *pro se*. Plaintiff moves for appointment of *pro bono* counsel, ECF No. 192, and for transcripts to be ordered at government expense, ECF No. 193. These motions are DENIED. While I recognize plaintiff is not an attorney, he provides no argument at all as to how he will prevail on appeal. Absent some indication by plaintiff for the basis for his appeal, I conclude any appeal will be frivolous. While I recognize plaintiff's shoulder may well have been injured in this arrest, no jury could conclude the individual officers used excessive force under these facts. And as noted, plaintiff's telephone claim simply came down to who the jury found more credible. I can find no legally valid basis supporting plaintiff's appeal of the jury's verdict.

As to why plaintiff requires appointment of counsel, he states:

3 –ORDER

> APPEALLANT [SIC] HAS NO KNOWLEDGE OF LEGAL PROCEDURES REQUIRED BY THE COURT SYSTEM TO PROPERLY FILE NECESSARY DOCUMENTS OR TO ADDRESS THE COURT WITH MY CLAIM TO SEEK JUSTICE OR REMEDIES AND HOLD THOSE RESPONSIBLE FOR INJUSTICES TO APPELLANT WHILE PROVIDE [SIC] SANCTIONS FOR THOSE IN AUTHORITY WHO FAILED IN THEIR CAPACITY TO PREVENT ABUSE AND PERSECUTION OF APPELLANT.

ECF No. 192, 1.

I recognize plaintiff feels strongly that defendants violated his rights. Neither the jury's verdict, nor this order, will change that. But being disappointed with a jury's verdict is not a legally valid basis for an appeal. At this time, based on the record before me, I conclude any appeal would be frivolous.[1] Plaintiff's motions for appointment of counsel, ECF No. 192, and for preparation of transcripts at government expense, ECF No. 193, are DENIED.

## CONCLUSION

Defendants' motion for costs in the amount of $1,550.58, ECF No. 184, is GRANTED. Defendants motion for attorney fees, ECF No. 182, is DENIED. Plaintiff's motion for reimbursement, ECF No. 190, is GRANTED in part, to the program maximum of $3,000.00. Plaintiff's motion to withdraw, ECF No. 191, is GRANTED. Plaintiff's motions for appointment of counsel, ECF No. 192, and for preparation of transcripts at government expense, ECF No. 193, are DENIED.

IT IS SO ORDERED.

DATED this 6th day of March, 2015.

/s/ Michael J. McShane
Michael J. McShane
United States District Judge

---

[1] I note plaintiff at no point moved for a new trial.

4 –ORDER